**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Reginald Henry McKiver, Sr.** |
| Debtor 2 (Spouse, if filing) | **Arleane McKiver** |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF VIRGINIA |
| Case number (If known) | **15-10628** |

Check if this is:

■ An amended filing

☐ A supplement showing post-petition chapter 13 income as of the following date:

MM / DD/ YYYY

## Official Form B 6I
## Schedule I: Your Income
12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Employment

| 1. | Fill in your employment information. | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | If you have more than one job, attach a separate page with information about additional employers. | Employment status | ■ Employed  ☐ Not employed | ■ Employed  ☐ Not employed |
| | Include part-time, seasonal, or self-employed work. | Occupation | **disabled** | **Office Manager** |
| | | Employer's name | | **JDRF** |
| | Occupation may include student or homemaker, if it applies. | Employer's address | | **1400 K St, NW Suite 1212 Washington, DC 20005** |
| | | How long employed there? | | **3 years, 2 months** |

### Part 2:    Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions).  If not paid monthly, calculate what the monthly wage would be. | 2. | $ 0.00 | $ 5,980.00 |
| 3. | Estimate and list monthly overtime pay. | 3. | +$ 0.00 | +$ 0.00 |
| 4. | Calculate gross income.  Add line 2 + line 3. | 4. | $ 0.00 | $ 5,980.00 |

| Debtor 1 | **Reginald Henry McKiver, Sr.** | | |
| Debtor 2 | **Arleane McKiver** | Case number *(if known)* | **15-10628** |

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| **Copy line 4 here** | 4. | $ 0.00 | $ 5,980.00 |

5. **List all payroll deductions:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $ 0.00 | $ 1,101.00 |
| 5b. **Mandatory contributions for retirement plans** | 5b. | $ 0.00 | $ 0.00 |
| 5c. **Voluntary contributions for retirement plans** | 5c. | $ 0.00 | $ 0.00 |
| 5d. **Required repayments of retirement fund loans** | 5d. | $ 0.00 | $ 83.00 |
| 5e. **Insurance** | 5e. | $ 0.00 | $ 472.00 |
| 5f. **Domestic support obligations** | 5f. | $ 0.00 | $ 0.00 |
| 5g. **Union dues** | 5g. | $ 0.00 | $ 0.00 |
| 5h. **Other deductions.** Specify: **Vol Life** | 5h.+ | $ 0.00 + | $ 83.00 |
| **Mass Transit** | | $ 0.00 | $ 87.00 |
| **Post Transit** | | $ 0.00 | $ 70.00 |
| **Parking** | | $ 0.00 | $ 134.00 |
| **Post-Parking** | | $ 0.00 | $ 17.00 |
| **Legal** | | $ 0.00 | $ 21.00 |
| **Spouse Life** | | $ 0.00 | $ 50.00 |
| **Vision** | | $ 0.00 | $ 9.00 |
| 6. **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ 0.00 | $ 2,127.00 |
| 7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $ 0.00 | $ 3,853.00 |

8. **List all other income regularly received:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 8a. **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 1.00 | $ 0.00 |
| 8b. **Interest and dividends** | 8b. | $ 0.00 | $ 0.00 |
| 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
| 8d. **Unemployment compensation** | 8d. | $ 0.00 | $ 0.00 |
| 8e. **Social Security** | 8e. | $ 0.00 | $ 0.00 |
| 8f. **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | 8f. | $ 0.00 | $ 0.00 |
| 8g. **Pension or retirement income** | 8g. | $ 0.00 | $ 0.00 |
| 8h. **Other monthly income.** Specify: **Disability** | 8h.+ | $ 2,778.00 + | $ 0.00 |
| 9. **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $ 2,779.00 | $ 0.00 |

| | | For Debtor 1 | | For Debtor 2 or non-filing spouse | | |
|---|---|---|---|---|---|---|
| 10. **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ 2,779.00 | + | $ 3,853.00 | = | $ 6,632.00 |

11. **State all other regular contributions to the expenses that you list in Schedule J.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*. Specify:

| | | |
|---|---|---|
| | 11. +$ | 0.00 |

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies

| | |
|---|---|
| 12. $ | 6,632.00 |

**Combined monthly income**

Debtor 1  **Reginald Henry McKiver, Sr.**

Debtor 2  **Arleane McKiver**

Case number (*if known*)  **15-10628**

13. **Do you expect an increase or decrease within the year after you file this form?**

☐ No.

■ Yes. Explain: | **TransAmerica Retirement Solutions loan repayment. $49 per month.  Repayment ends 5/15/2016.** |
| **TransAmerica Retirement Solutions loan repayment.  $34 per month.  Repayment ends 5/1/2019.** |

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Reginald Henry McKiver, Sr.** |
| Debtor 2 (Spouse, if filing) | **Arleane McKiver** |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF VIRGINIA |
| Case number (If known) | **15-10628** |

Check if this is:

☑ An amended filing

☐ A supplement showing post-petition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

Official Form B 6J

# Schedule J: Your Expenses

12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Your Household

1.  **Is this a joint case?**

    ☐ No. Go to line 2.

    ☑ Yes. **Does Debtor 2 live in a separate household?**

    ☑ No
    ☐ Yes. Debtor 2 must file a separate Schedule J.

2.  **Do you have dependents?**    ☑ No

    Do not list Debtor 1 and Debtor 2.

    Do not state the dependents' names.

    ☐ Yes.  Fill out this information for each dependent..............

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |

3.  **Do your expenses include expenses of people other than yourself and your dependents?**    ☑ No    ☐ Yes

## Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* **(Official Form 6I.)**

| | | Your expenses |
|---|---|---|
| 4.  **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4.  $ | 1,790.00 |
| **If not included in line 4:** | | |
| 4a.    Real estate taxes | 4a.  $ | 0.00 |
| 4b.    Property, homeowner's, or renter's insurance | 4b.  $ | 0.00 |
| 4c.    Home maintenance, repair, and upkeep expenses | 4c.  $ | 0.00 |
| 4d.    Homeowner's association or condominium dues | 4d.  $ | 0.00 |
| 5.  **Additional mortgage payments for your residence,** such as home equity loans | 5.  $ | 0.00 |

Debtor 1    **Reginald Henry McKiver, Sr.**

Debtor 2    **Arleane McKiver**                                    Case number (if known)   **15-10628**

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a. | Electricity, heat, natural gas | 6a. $ | **150.00** |
| | 6b. | Water, sewer, garbage collection | 6b. $ | **60.00** |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | **120.00** |
| | 6d. | Other. Specify: __Gas__ | 6d. $ | **60.00** |
| | | __Trash__ | $ | **16.00** |
| 7. | **Food and housekeeping supplies** | | 7. $ | **650.00** |
| 8. | **Childcare and children's education costs** | | 8. $ | **0.00** |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. $ | **200.00** |
| 10. | **Personal care products and services** | | 10. $ | **55.00** |
| 11. | **Medical and dental expenses** | | 11. $ | **185.00** |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. $ | **600.00** |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. $ | **80.00** |
| 14. | **Charitable contributions and religious donations** | | 14. $ | **200.00** |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. | Life insurance | 15a. $ | **0.00** |
| | 15b. | Health insurance | 15b. $ | **0.00** |
| | 15c. | Vehicle insurance | 15c. $ | **400.00** |
| | 15d. | Other insurance. Specify: | 15d. $ | **0.00** |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify:  **Personal property taxes on vehicles** | | 16. $ | **80.00** |
| 17. | **Installment or lease payments:** | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. $ | **0.00** |
| | 17b. | Car payments for Vehicle 2 | 17b. $ | **0.00** |
| | 17c. | Other. Specify: | 17c. $ | **0.00** |
| | 17d. | Other. Specify: | 17d. $ | **0.00** |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 6I).** | | 18. $ | **0.00** |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | | 19. | |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.** | | | |
| | 20a. | Mortgages on other property | 20a. $ | **0.00** |
| | 20b. | Real estate taxes | 20b. $ | **0.00** |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. $ | **0.00** |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. $ | **0.00** |
| | 20e. | Homeowner's association or condominium dues | 20e. $ | **0.00** |
| 21. | **Other:** Specify:   **Miscellaneous** | | 21. +$ | **215.00** |
| 22. | **Your monthly expenses.** Add lines 4 through 21. The result is your monthly expenses. | | 22. $ | **4,861.00** |
| 23. | **Calculate your monthly net income.** | | | |
| | 23a. | Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. $ | **6,632.00** |
| | 23b. | Copy your monthly expenses from line 22 above. | 23b. -$ | **4,861.00** |
| | 23c. | Subtract your monthly expenses from your monthly income. The result is your *monthly net income*. | 23c. $ | **1,771.00** |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.

☐ Yes.

Explain:

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA

### CHAPTER 13 PLAN
### AND RELATED MOTIONS

Name of Debtor(s):  **Reginald Henry McKiver, Sr.**
**Arleane McKiver**                                    Case No: **15-10628-RGM**

This plan, dated __**August 18, 2015**__, is:

☐ the *first* Chapter 13 plan filed in this case.
☑ a modified Plan, which replaces the
☐ confirmed or ☑ unconfirmed Plan dated **7/7/2015**.

Date and Time of Modified Plan Confirming Hearing:
**October 1, 2015 at 9:30 am**
Place of Modified Plan Confirmation Hearing:
**US Bankruptcy Court, 2nd fl., Judge Mayer's Courtroom I, 200 S. Washington St., Alexandria, VA 22314**

The Plan provisions modified by this filing are:
**Section(1) payment decreased, but step-ups are added; Sec. 2(b) Commonwealth of Virginia and Prince William County added as priority unsecured creditor; Secs. 3(A) and 3(d) Comenity and Synchony added as secured creditors; 3(b) Debtors are surrendering collateral owned by Capital One, BB&T and UOA of Victoria Crossing**

Creditors affected by this modification are:
**Commonwealth of Virginia, Prince William County; Comenity, Synchony; Capital One; BB&T and UOA of Victoria Crossing and all unsecured creditors**

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

Total Assets: **$246,070.00**
Total Non-Priority Unsecured Debt: **$284,966.54**
Total Priority Debt: **$18,601.00**
Total Secured Debt: **$221,165.00**

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

1.  **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$1,590.00 Monthly for 3 months, then $1,688.00 Monthly for 1 month, then $1,785.00 Monthly for 10 months, then $1,834.00 Monthly for 36 months, then $1,868.00 Monthly for 10 months**. Other payments to the Trustee are as follows:  __NONE__ .  The total amount to be paid into the plan is $  __109,012.00__ .

2.  **Priority Creditors.**  The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A.  **Administrative Claims under 11 U.S.C. § 1326.**

        1.  The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
        2.  Debtor(s)' attorney will be paid $  __0.00__  balance due of the total fee of $  __1,500.00__  concurrently with or prior to the payments to remaining creditors.   Debtor's attorney is paid by Hyatt Legal Services outside of the Plan.

    B.  **Claims under 11 U.S.C. §507.**
        The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| County of Fairfax | Taxes and certain other debts | 197.00 | Prorata 20 months |
| IRS | Taxes and certain other debts | 15,962.00 | Prorata 20 months |
| Prince William County | Taxes and certain other debts | 765.00 | Prorata 20 months |
| Commonwealth of Virginia | Taxes and certain other debts | 1,677.00 | Prorata 20 months |

3.  **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

    A.  **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

    This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt.  **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.**  The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|---|---|---|---|---|

    B.  **Real or Personal Property to be Surrendered.**

    Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|

Page  2of 14

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| **CAP ONE NA** | **Condominium**<br>**6915 Mary Caroline Circle, Unit E,**<br>**Alexandria, VA 22310** | **187,316.00** | **191,359.00** |
| **CAP ONE NA** | **Condominium**<br>**6915 Mary Caroline Circle, Unit E,**<br>**Alexandria, VA 22310** | **187,316.00** | **44,699.00** |
| **OCEAN BEACH CLUB LLC** | **Time Share Loan** | **0.00** | **5,363.00** |
| **BB&T** | **Judgment Lien**<br>**6915 Mary Caroline Circle, Unit E**<br>**Alexandria, VA 22310** | **0.00** | **1,600.00** |
| **VICTORIA CROSSING**<br>**CONDOMINIUM** | **Condominium**<br>**6915 Mary Caroline Circle, Unit E,**<br>**Alexandria, VA 22310** | **187,316.00** | **2,181.00** |

C.    **Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection<br>Monthly Payment | To Be Paid By |
|---|---|---|---|
| **COMENITY BANK/VALCTYFR** | **1 living room sectional sofa**<br>**Location: 14722 Dunbar Lane,**<br>**Woodbridge VA 22193** | **40.67** | **Trustee** |
| **MITSUBISHI MOTORS CREDIT** | **2012 Mitsubishi Galant**<br>**Location: 14722 Dunbar Lane,**<br>**Woodbridge VA 22193** | **339.15** | **Trustee** |
| **SANTANDER CONSUMER USA** | **2010 Nissan Frontier**<br>**Location: 14722 Dunbar Lane,**<br>**Woodbridge VA 22193** | **408.98** | **Trustee** |
| **SYNCB/JEWELRY CUSTOM** | **Wedding rings**<br>**Location: 14722 Dunbar Lane,**<br>**Woodbridge VA 22193** | **44.53** | **Trustee** |
| **CAP ONE NA** | **Condominium**<br>**6915 Mary Caroline Circle, Unit E,**<br>**Alexandria, VA 22310** | **1,274.00** | **Trustee** |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

D.    **Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or<br>"Crammed Down" Value | Interest<br>Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| **COMENITY**<br>**BANK/VALCTYFR** | **1 living room sectional sofa**<br>**Location: 14722 Dunbar Lane,**<br>**Woodbridge VA 22193** | **2,195.00** | **4.25%** | **40.67**<br>**60 months** |
| **MITSUBISHI**<br>**MOTORS CREDIT** | **2012 Mitsubishi Galant**<br>**Location: 14722 Dunbar Lane,**<br>**Woodbridge VA 22193** | **18,303.00** | **4.25%** | **339.15**<br>**60 months** |

Page  3of 14

Best Case Bankruptcy

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| SANTANDER CONSUMER USA | 2010 Nissan Frontier Location: 14722 Dunbar Lane, Woodbridge VA 22193 | 22,071.54 | 4.25% | 408.98 60 months |
| SYNCB/JEWELRY CUSTOM | Wedding rings Location: 14722 Dunbar Lane, Woodbridge VA 22193 | 2,404.00 | 4.24% | 44.53 60 months |

E.    **Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

4.    **Unsecured Claims.**

A.    **Not separately classified.**  Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims.  Estimated distribution is approximately __13__ %.  The dividend percentage may vary depending on actual claims filed.  If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __0__ %.

B.    **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

5.    **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

A.    **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.**  The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

B.    **Trustee to make contract payments and cure arrears, if any.**  The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

C.    **Restructured Mortgage Loans to be paid fully during term of Plan.**  Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt& Est. Term** |
|---|---|---|---|---|

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt& Est. Term** |
|---|---|---|---|---|
| -NONE- | | | | |

**6.** **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

    **A.** **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| -NONE- | |

    **B.** **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| **Sprint Cell Phone contract** | **Cell Phone contract** | **None** | | |
| **Valiot LLC** | **Residential lease** | **None** | | |

**7.** **Liens Which Debtor(s) Seek to Avoid.**

    **A.** **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Amount | Value of Collateral |
|---|---|---|---|
| -NONE- | | | |

    **B.** **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|

**8.** **Treatment and Payment of Claims.**

- All creditors must timely file a proof of claim to receive payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

**9.** **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

Page 5of 14

10.     **Incurrence of indebtedness.**  The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

11.     **Other provisions of this plan:**

**Signatures:**

**Dated:**    **August 18, 2015**

**/s/ Reginald Henry McKiver, Sr.**                          **/s/ Martin C. Conway**
**Reginald Henry McKiver, Sr.**                              **Martin C. Conway 34334**
**Debtor**                                                   **Debtor's Attorney**

**/s/ Arleane McKiver**
**Arleane McKiver**
**Joint Debtor**

**Exhibits:**        **Copy of Debtor(s)' Budget (Schedules I and J);**
                     **Matrix of Parties Served with Plan**

Certificate of Service

I certify that on    **August 18, 2015**    , I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

                         **/s/ Martin C. Conway**
                         **Martin C. Conway 34334**
                         Signature

                         **1712 Financial Loop**
                         **Woodbridge, VA 22192**
                         Address

                         **855-848-3011**
                         Telephone No.

Ver. 09/17/09 [effective 12/01/09]

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

# United States Bankruptcy Court
### Eastern District of Virginia

| | | | |
|---|---|---|---|
| In re | **Reginald Henry McKiver, Sr.**<br>**Arleane McKiver** | Case No. | **15-10628** |
| | Debtor(s) | Chapter | **13** |

## SPECIAL NOTICE TO SECURED CREDITOR

To: **Mr. John J. Coane, President, Comenity Bank. 3100 Easton Square Place, Columbus, OH 43219**
*Name of creditor*

**1 living room sectional sofa**
*Description of collateral*

1.     The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

☑      To value your collateral.  ***See Section 3 of the plan.***  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐      To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  ***See Section 7 of the plan.***  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.     ***You should read the attached plan carefully for the details of how your claim is treated.***  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **September 24, 2015** |
| Date and time of confirmation hearing: | **October 1, 2015 at 9:30 am** |
| Place of confirmation hearing: | **US Bankruptcy Court, 2nd floor, Judge Mayer's Courtroom I, 200 S. Washington St., Alexandria, VA 22314** |

|  |  |
|---|---|
| | **Reginald Henry McKiver, Sr.**<br>**Arleane McKiver** |
| | *Name(s) of debtor(s)* |
| By: | **/s/ Martin C. Conway** |
| | **Martin C. Conway 34334** |
| | *Signature* |
| | ☑ Debtor(s)' Attorney<br>☐ Pro se debtor |
| | **Martin C. Conway 34334** |
| | *Name of attorney for debtor(s)* |
| | **1712 Financial Loop**<br>**Woodbridge, VA 22192** |
| | *Address of attorney [or pro se debtor]* |
| | Tel. #  **855-848-3011** |
| | Fax #  **571-285-3334** |

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☐  first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☑  certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this   **August 18, 2015**   .

**/s/ Martin C. Conway**
**Martin C. Conway 34334**
*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
## Eastern District of Virginia

In re  **Reginald Henry McKiver, Sr.**
**Arleane McKiver**                                        Case No.  **15-10628**

_____ Debtor(s)                Chapter  **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:  **Jason A. Kulas, President & CFO, Santander Consumer USA, 1601 Elm Street, Suite 800, Dallas, TX 75201-4701**
_Name of creditor_

**2010 Nissan Frontier - Location: 14722 Dunbar Lane, Woodbridge, VA 22193**
_Description of collateral_

1.    The attached chapter 13 plan filed by the debtor(s) proposes (_check one_):

☑    To value your collateral.  **See Section 3 of the plan.**  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐    To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  **See Section 7 of the plan.**  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.    **You should read the attached plan carefully for the details of how your claim is treated.**  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **September 24, 2015** |
| Date and time of confirmation hearing: | **October 1, 2015 at 9:30 am** |
| Place of confirmation hearing: | **US Bankruptcy Court, 2nd floor, Judge Mayer's Courtroom I, 200 S. Washington St., Alexandria, VA 22314** |

**Reginald Henry McKiver, Sr.**
**Arleane McKiver**
_Name(s) of debtor(s)_

By:   **/s/ Martin C. Conway**
**Martin C. Conway 34334**
_Signature_

☑ Debtor(s)' Attorney
☐ Pro se debtor

**Martin C. Conway 34334**
_Name of attorney for debtor(s)_
**1712 Financial Loop**
**Woodbridge, VA 22192**
_Address of attorney [or pro se debtor]_

Tel. #   **855-848-3011**
Fax #    **571-285-3334**

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☐ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☑ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this  **August 18, 2015**  .

**/s/ Martin C. Conway**

**Martin C. Conway 34334**

*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
## Eastern District of Virginia

In re | **Reginald Henry McKiver, Sr.**
**Arleane McKiver**

| Case No. | **15-10628** |
| Chapter | **13** |

Debtor(s)

# SPECIAL NOTICE TO SECURED CREDITOR

To:   **Dan Booth, President, Mitsubishi Motors Credit, 6400 Katella Avenue, Cypress, CA 90630**
*Name of creditor*

**2012 Mitsubishi Galant - Location: 14722 Dunbar Lane, Woodbridge, VA 22193**
*Description of collateral*

1.      The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

☑      To value your collateral. ***See Section 3 of the plan.***  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐      To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. ***See Section 7 of the plan.***  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.      ***You should read the attached plan carefully for the details of how your claim is treated.***  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| Date objection due: | **September 24, 2015** |
| Date and time of confirmation hearing: | **October 1, 2015 at 9:30 am** |
| Place of confirmation hearing: | **US Bankruptcy Court, 2nd floor, Judge Mayer's Courtroom I, 200 S. Washington St., Alexandria, VA 22314** |

**Reginald Henry McKiver, Sr.**
**Arleane McKiver**
*Name(s) of debtor(s)*

By:   **/s/ Martin C. Conway**
**Martin C. Conway 34334**
*Signature*

☑ Debtor(s)' Attorney
☐ Pro se debtor

**Martin C. Conway 34334**
*Name of attorney for debtor(s)*
**1712 Financial Loop**
**Woodbridge, VA 22192**
*Address of attorney [or pro se debtor]*

| Tel. # | **855-848-3011** |
| Fax # | **571-285-3334** |

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

    ☑ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

    ☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this    **August 18, 2015**   .

        **/s/ Martin C. Conway**
        **Martin C. Conway 34334**
        *Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
### Eastern District of Virginia

In re    **Reginald Henry McKiver, Sr.**
      **Arleane McKiver**                      Case No.    **15-10628**

                         Debtor(s)             Chapter      **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:    **Margaret M. Keane, President and CEO, Synchrony Financial, 777 Long Ridge Road, Stamford, CT 06902**
*Name of creditor*

**Wedding Rings - Location: 14722 Dunbar Lane, Woodbridge, VA 22193**
*Description of collateral*

1.     The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

   ☑    To value your collateral. ***See Section 3 of the plan.*** Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

   ☐    To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. ***See Section 7 of the plan.*** All or a portion of the amount you are owed will be treated as an unsecured claim.

2.     ***You should read the attached plan carefully for the details of how your claim is treated.*** The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **September 24, 2015** |
| Date and time of confirmation hearing: | **October 1, 2015 at 9:30 am** |
| Place of confirmation hearing: | **US Bankruptcy Court, 2nd floor, Judge Mayer's Courtroom I, 200 S. Washington St., Alexandria, VA 22314** |

                            **Reginald Henry McKiver, Sr.**
                            **Arleane McKiver**
                            *Name(s) of debtor(s)*

By:    **/s/ Martin C. Conway**
        **Martin C. Conway 34334**
        *Signature*

        ☑ Debtor(s)' Attorney
        ☐ Pro se debtor

        **Martin C. Conway 34334**
        *Name of attorney for debtor(s)*
        **1712 Financial Loop**
        **Woodbridge, VA 22192**
        *Address of attorney [or pro se debtor]*

        Tel. #    **855-848-3011**
        Fax #    **571-285-3334**

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☐ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☑ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this    **August 18, 2015**    .

 

                            **/s/ Martin C. Conway**

                            **Martin C. Conway 34334**

                            *Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

Aegis Sciences Corp
PO Box 306129
Nashville, TN 37230-6129


AES/WELLS FARGO
PO BOX 61047
HARRISBURG, PA 17106


AMCB
PO Box 37007
Baltimore, MD 21297-3007


AMERICAN COLLECTIONS E
205 S WHITING ST STE 500
ALEXANDRIA, VA 22304


AMEX
P.O. BOX 297871
FORT LAUDERDALE, FL 33329-7871


AR Resources
PO Box 1056
Blue Bell, PA 19422-0287


AR RESOURCES INC
1777 SENTRY PKWY W
BLUE BELL, PA 19422


Assoc of Alexandria Radiolog
PO Box 79537
Baltimore, MD 21279-0537


BB&T
PO BOX 2306
WILSON, NC 27894


Best Practices, Inc
PO Box 37943
Philadelphia, PA 19101-7943


CAP ONE NA
3905 N DALLAS PKWY
PLANO, TX 75093

CHASE CARD
PO BOX 15298
WILMINGTON, DE 19850

CHLD/CBNA
PO BOX 6497
SIOUX FALLS, SD 57117

Chronis LLC

COMENITY BANK/VALCTYFR
PO BOX 182789
COLUMBUS, OH 43218

Commonwealth of Virginia
Department of Taxation
PO Box 27407
Richmond, VA 23218

CONSUMER PORTFOLIO SVC
PO BOX 57071
IRVINE, CA 92619

County of Fairfax
Dept. of Tax Administration
PO Box 9156
Alexandria, VA 22304-0156

CREDIT ACCEPTANCE
PO BOX 513
SOUTHFIELD, MI 48037

Credit Acceptance Corp.
PO Box 551888
Detroit, MI 48255-1888

CREDIT PROTECTION ASSO
13355 NOEL RD STE 2100
DALLAS, TX 75240

DEPT OF ED/NAVIENT
PO BOX 9635
WILKES BARRE, PA 18773

DPT ED/SLM
11100 USA PKWY
FISHERS, IN 46037


ENHANCED RECOVERY CO L
8014 BAYBERRY RD
JACKSONVILLE, FL 32256


FAIR COLLECTIONS & OUT
12304 BALTIMORE AVE STE
BELTSVILLE, MD 20705


Fairfax General District Court
4110 Chain Bridge Road
Fairfax, VA 22030


First Premier Bank
601 S Minnesota Ave
Sioux Falls, SD 57104


FOAA Anesthesia Services
PO Box 37090
Baltimore, MD 21297-3090


GLASSER & GLASSER
CROWN CENTER, SUITE 600
580 EAST MAIN STREET
NORFOLK, VA 23510


Infectious Diseases Physicians
3289 Woodburn Rd #208
Annandale, VA 22003-7347


INOVA
2990 Telestar Court
Falls Church, VA 22042


INOVA HEALTH CARE
2990 TELESTAR COURT
FALLS CHURCH, VA 22042


IRS
PO Box 7346
PHILADELPHIA, PA 19101

Jose Flores-Sosa
c/o Richard Kreger
PO Box 316
Lovingston, VA 22949


Laura D. McKiver


LCA COLLECTIONS
PO BOX 2240
BURLINGTON, NC 27216


Lerner Corporation
FREDERICK H. KRUCK JR.
7751 FOXVIEW DRIVE
Warrenton, VA 20186


Ligia de Salazar


MCYDSNB
9111 DUKE BLVD
MASON, OH 45040


MED REV RECOVERY
100 METROPOLITAN DR STE
LIVERPOOL, NY 13088


Medical Transport Service
260 Herndon Parkway
Suite 700
Herndon, VA 20170-4824


MIDLAND FUNDING
8875 AERO DR STE 200
SAN DIEGO, CA 92123


Minimally Invasive Pain Instit
1508 D+Genesee Street
Utica, NY 13502-5809


Mitsbishi Motors Credit
PO Box 4401
Bridgeton, MO 63044-1731

MMCA/C1
PO BOX 91614
MOBILE, AL 36691


Mt. Vernon Internal Med
7764 Armistead Rd
Ste 240
Lorton, VA 22079-1919


NATIONAL SER
18912 NORTH CREEK SUITE 205
BOTHELL, WA 98011


NATIONWIDE CREDIT CORP
5503 CHEROKEE AVE
ALEXANDRIA, VA 22312


NAVY FEDERAL CR UNION
PO BOX 3700
MERRIFIELD, VA 22119


NAVY FEDERAL CR UNION
820 FOLLIN LN SE
VIENNA, VA 22180


Nelson County GDC
PO Box 514
84 Courthouse Square
Lovingston, VA 22949


NUVELL
5700 CROOKS RD STE 301
TROY, MI 48098


OCEAN BEACH CLUB LLC
932 LASKIN RD
VIRGINIA BEACH, VA 23451


Physical Medicine Associates
PO Box 713666
Cincinnati, OH 45271-3666


POTOMAC RADIOLOGY
PO BOX 791038
BALTIMORE, MD 21279

Prince William County
Tax Administration Division
Dept. 871
Alexandria, VA 22334-0871


PRINCE WILLIAM CTY GDC
9311 LEE AVE
Manassas, VA 20110


Quest Diagnostics
PO Box 71303
Philadelphia, PA 19176


RJM ACQ LLC
575 UNDERHILL BLVD STE 224
SYOSSET, NY 11791


SANTANDER CONSUMER USA
PO BOX 961245
FT WORTH, TX 76161


SECOND ROUND LP
4150 FRIEDRICH LANE SUIT
AUSTIN, TX 78744


SENTARA
PO BOX 2156
MORRISVILLE, NC 27560


SENTARA COLLECTIONS
PO BOX 79698
BALTIMORE, MD 21279


SLM FINANCIAL CORP
11100 USA PKWY
FISHERS, IN 46037


Suburban Credit Corporation
6142 Franconia road
PO Box 30640
Alexandria, VA 22310-2521


SYNCB/JEWELRY CUSTOM
950 FORRER BLVD
KETTERING, OH 45420

SYNCB/WALMART
PO BOX 965024
ORLANDO, FL 32896


TD AUTO FINANCE
PO BOX 9223
FARMINGTON HILLS, MI 48333


U.S. Dept. of the Treasury
Debt Management Services
PO Box 830794
Birmingham, AL 35283-0794


UNITED CONSUMERS
PO BOX 4466
WOODBRIDGE, VA 22194-4466


US DEPT ED
PO BOX 7202
UTICA, NY 13504-7202


Victoria Crossing Condominium
c/o Cardinal Management Group
PO Box 94857
Las Vegas, NV 89193-4857


Virginia Dept of Transportatio
Transurban
6440 General Green Way
Alexandria, VA 22312


VISDSNB
9111 DUKE BLVD
MASON, OH 45040


WEBBANK/DFS
1 DELL WAY
ROUND ROCK, TX 78682


WF/EFS
PO BOX 13667
SACRAMENTO, CA 95853

# United States Bankruptcy Court

### Eastern District of Virginia

| | | | |
|---|---|---|---|
| In re | **Reginald Henry McKiver, Sr.**<br>**Arleane McKiver** | Case No. | **15-10628** |
| | Debtor(s) | Chapter | **13** |

## AMENDED
## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I certify under penalty of perjury that the foregoing is true and correct.

Date **August 18, 2015**          Signature  **/s/ Reginald Henry McKiver, Sr.**
                                              **Reginald Henry McKiver, Sr.**
                                              Debtor

Date **August 18, 2015**          Signature  **/s/ Arleane McKiver**
                                              **Arleane McKiver**
                                              Joint Debtor

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571